**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASTELLAS PHARMA INC.; ASTELLAS US LLC; ASTELLAS PHARMA US, INC.; MEDIVATION LLC; MEDIVATION PROSTATE THERAPEUTICS LLC; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>       Plaintiffs,<br><br><br>    v.<br><br><br>QILU PHARMACEUTICAL (HAINAN) CO., LTD.; QILU PHARMA, INC.<br><br>       Defendants. | C.A. No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Astellas Pharma Inc. ("API"), Astellas US LLC ("AUS"), and Astellas Pharma US, Inc. ("APUS") (collectively, "Astellas"), Medivation LLC ("Medivation") and Medivation Prostate Therapeutics LLC ("MPT") (collectively, "Medivation"), and The Regents of the University of California ("The Regents") (all collectively, "Plaintiffs"), for their Complaint against Defendants Qilu Pharmaceutical (Hainan) Co., Ltd. ("Qilu Ltd.") and Qilu Pharma, Inc. ("Qilu Inc.") (collectively, "Qilu"), hereby allege as follows:

1

## THE PARTIES

1.      Plaintiff API is a corporation organized and existing under the laws of Japan having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.

2.      Plaintiff AUS is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

3.      Plaintiff APUS is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

4.      Plaintiff Medivation is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 66 Hudson Boulevard East, New York, New York 10001-2192, United States.

5.      Plaintiff MPT is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 66 Hudson Boulevard East, New York, New York 10001-2192, United States.

6.      Plaintiff The Regents is a public corporation organized and existing under the laws of the State of California operating under Article 9, Section 9 of the California Constitution, having its corporate offices located at 1111 Franklin Street, Oakland, California 94607-5200, United States.

7.      On information and belief, Defendant Qilu Ltd. is a corporation organized and existing under the laws of China having a principal place of business at Room A, No.273, Nanhai Boulevard, State Hi-and-New Tech Park, Haikou, Hainan, 570314, China.

8.      On information and belief, Qilu Ltd., by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Pennsylvania and throughout the United States.

9.      On information and belief, Defendant Qilu Inc. is a corporation organized and existing under the laws of Pennsylvania having a principal place of business at 101 Lindenwood Drive Suite 225, Malvern, Pennsylvania 19355.

10.     On information and belief, Qilu Inc., by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Pennsylvania and throughout the United States.

11.     On information and belief, Qilu Inc. is a wholly-owned subsidiary and the United States agent of Qilu Ltd.

12.     On information and belief, Qilu Ltd. and Qilu Inc. are agents of each other with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic products. On information and belief, the acts of Qilu Ltd. and Qilu Inc. complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of, each other.

13.     On information and belief, Defendants Qilu Ltd. and Qilu Inc. have cooperated and assisted in the preparation and filing of Qilu's Abbreviated New Drug Application ("ANDA") No. 219140 and will be involved in the manufacture, importation, marketing, and sale of the drug that is the subject of ANDA No. 219140 if it is approved.

## NATURE OF THE ACTION

14.     This is a civil action for the infringement of United States Patent Nos. 7,709,517 ("the '517 patent") and 11,839,689 ("the '689 patent") (collectively, "the Xtandi® patents") under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., arising from Qilu's filing of ANDA No. 219140 with the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of the pharmaceutical products Xtandi® tablets, 40 and 80 mg, before the expiration of Plaintiffs' patents covering Xtandi®.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

16.     This Court has personal jurisdiction over Qilu by virtue of the fact that, *inter alia*, Qilu has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of Pennsylvania and throughout the United States.

17.     This Court has personal jurisdiction over Qilu by virtue of the fact that Qilu is at home in Pennsylvania as reflected by the fact that, on information and belief, it regularly does or solicits business in Pennsylvania, engages in other persistent courses of conduct in Pennsylvania, and/or derives substantial revenue from services or things used or consumed in Pennsylvania, including by selling its pharmaceutical products in Pennsylvania and, therefore, can reasonably expect to be subject to jurisdiction in the Pennsylvania courts. Among other things, on information and belief, Qilu conducts marketing and sales activities in the State of Pennsylvania, including but not limited to, distribution, marketing, and sales of pharmaceutical products to Pennsylvania residents that are continuous and systematic. On information and belief, if Qilu's ANDA

No. 219140 is approved, it will market and sell its generic versions of Xtandi® tablets in Pennsylvania.

18.    This Court has personal jurisdiction over Qilu Inc. On information and belief, Qilu Inc. regularly conducts business in Pennsylvania, is incorporated in Pennsylvania, and has a principal place of business in Pennsylvania.

19.    Alternatively, assuming that the above facts do not establish personal jurisdiction over Qilu Ltd., this Court may exercise jurisdiction over Qilu Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Qilu Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Qilu Ltd. has sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Qilu Ltd. satisfies due process.

20.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

21.    Venue is proper in this Judicial District for Qilu Ltd. because, among other things, Qilu Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district.

22.    Venue is proper in this Judicial District for Qilu Inc. because, *inter alia*, Qilu Inc. is incorporated in and resides in Pennsylvania.

23.    Venue is further proper in this Court as to Qilu because, among other things, Qilu has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture Xtandi® for sale and use throughout the United States, including within the State of Pennsylvania.

## THE XTANDI® TABLET NDA

24.     APUS filed New Drug Application ("NDA") No. 213674 for Xtandi® (enzalutamide) tablets, 40 mg and 80 mg. The FDA approved NDA No. 213674 for Xtandi® 40 mg and 80 mg tablets on August 4, 2020, for the treatment of patients with castration-resistant prostate cancer and metastatic castration-sensitive prostate cancer. On November 16, 2023, the FDA approved an expanded indication for the use of Xtandi® 40 mg and 80 mg tablets to treat patients with non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis. Xtandi® tablets are sold and co-promoted by APUS and Pfizer Inc. in the United States.

25.     Enzalutamide is a compound that can be referred to by any of several chemical names, including 4-{3-[4-cyano-3-(trifluoromethyl)phenyl]-5,5-dimethyl-4-oxo-2-sulfanylideneimidazolidin-1-yl}-2-fluoro-N-methylbenzamide, 4-{3-(4-cyano-3-(trifluoromethyl)phenyl)-5,5-dimethyl-4-oxo-2-thioxoimidazolidin-1-yl}-2-fluoro-N-methylbenzamide, 4-[3-[4-cyano-3-(trifluoromethyl)phenyl]-4-keto-5,5-dimethyl-2-thioxo-imidazolidin-1-yl]-2-fluoro-N-methyl-benzamide, and 4-[3-[4-cyano-3-(trifluoromethyl)phenyl]-5,5-dimethyl-4-oxo-2-sulfanylidene-1-imidazolidinyl]-2-fluoro-N-methylbenzamide, and which has the following chemical structure:

**THE PATENTS-IN-SUIT**

26.    On May 4, 2010, the '517 patent, entitled "Diarylhydantoin Compounds," was duly and legally issued to The Regents.  A true and correct copy of the '517 patent is attached hereto as **Exhibit A**.

27.    In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '517 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") for Xtandi® 40 mg and 80 mg tablets.

28.    Pursuant to an agreement, as amended, entered into between Medivation, Inc., Medivation Prostate Therapeutics, Inc., and The Regents, Medivation, Inc. and Medivation Prostate Therapeutics, Inc. were granted an exclusive license to the '517 patent, with the right to sue for infringement of the '517 patent in the United States.

29.    Pursuant to an agreement entered into between API, AUS, Medivation, Inc., and Medivation Prostate Therapeutics, Inc., API was granted an exclusive sublicense to the '517 patent, with the right to sue for infringement of the '517 patent in the United States.

30.    Pursuant to an agreement entered into between API and AUS, AUS was granted a sublicense to the '517 patent, with the right to sue for infringement of the '517 patent in the United States.

31.    Pursuant to an agreement entered into between AUS and APUS, APUS was granted a sublicense to the '517 patent, with the right to sue for infringement of the '517 patent in the United States.

32.    On September 28, 2016, Pfizer Inc. acquired Medivation, Inc. and its wholly owned subsidiary Medivation Prostate Therapeutics, Inc.

7

33.    On August 28, 2017, Medivation, Inc. filed a Certificate of Conversion with the Delaware Secretary of State, in which Medivation, Inc. converted from a corporation to a limited liability company and changed its name to Medivation LLC.

34.    On August 28, 2017, Medivation Prostate Therapeutics, Inc. filed a Certificate of Conversion with the Delaware Secretary of State, in which Medivation Prostate Therapeutics, Inc. converted from a corporation to a limited liability company and changed its name to Medivation Prostate Therapeutics LLC.

35.    On December 12, 2023, the '689 patent, entitled "Formulations of Enzalutamide," was duly and legally issued to API and MPT.  A true and correct copy of the '689 patent is attached hereto as **Exhibit B**.

36.    In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '689 patent is listed in the Orange Book for Xtandi® 40 mg and 80 mg tablets.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

37.    By a letter dated June 24, 2024 (the "Qilu Notice Letter"), Qilu advised Astellas, Pfizer, Inc., Medivation, Inc., Medivation Prostate Therapeutics, Inc., and The Regents that it had submitted ANDA No. 219140 to the FDA seeking approval to manufacture, use, or sell enzalutamide 40 mg and 80 mg tablets ("Qilu's Generic Products") prior to the expiration of the Xtandi® patents.[1]

38.    On information and belief, Qilu submitted ANDA No. 219140 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the

---

[1] Upon information and belief, "Qilu Pharma Inc." referenced in the Qilu Notice Letter is Qilu Pharma, Inc.

commercial manufacture, use, and sale of Qilu's Generic Products as generic versions of Xtandi® 40 mg and 80 mg tablets.

39. On information and belief, ANDA No. 219140 seeks FDA approval of Qilu's Generic Products for the indications of treatment of castration-resistant prostate cancer, metastatic castration-sensitive prostate cancer, and non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis.

40. The Qilu Notice Letter also advised Astellas, Pfizer, Inc., Medivation, Inc., Medivation Prostate Therapeutics, Inc., and The Regents that Qilu's ANDA submission included certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Qilu's opinion, certain claims of the Xtandi® patents are invalid, unenforceable, and/or not infringed.

41. The Qilu Notice Letter does not allege non-infringement of certain claims of the '517 patent, or of any claim of the '689 patent.

42. By not identifying non-infringement defenses for certain claims of the '517 patent or any claim of the '689 patent in the Qilu Notice Letter, Qilu admits Qilu's Generic Products meet all limitations of those claims.

43. The Qilu Notice Letter does not allege invalidity under 35 U.S.C. §§ 101, 102, or 112, or unenforceability of any claim of the Xtandi® patent.

44. By not identifying invalidity defenses under 35 U.S.C. §§ 101, 102, or 112, or unenforceability defenses for the Xtandi® patents in the Qilu Notice Letter, Qilu admits the claims of the Xtandi® patents are valid under 35 U.S.C. §§ 101, 102, and 112, and are enforceable.

45. There is an actual, real, immediate, and justiciable controversy between Plaintiffs and Qilu regarding the infringement, validity, and enforceability of the Xtandi® patents.

46. Plaintiffs are commencing this action within 45 days of receiving the Qilu Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I
### (Infringement of the '517 Patent)

47. Plaintiffs incorporate each of the preceding paragraphs 1 to 46 as if fully set forth herein.

48. By submitting ANDA No. 219140 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Qilu's Generic Products throughout the United States, including Pennsylvania, prior to expiration of the '517 patent, Qilu committed an act of infringement of the '517 patent under 35 U.S.C. § 271(e)(2)(A).

49. The '517 patent claims, *inter alia*, the compound, and pharmaceutical compositions of, enzalutamide.

50. On information and belief, Qilu's Generic Products, if approved by the FDA, will contain the compound enzalutamide and/or pharmaceutical compositions thereof, which will constitute infringement of claims of the '517 patent.

51. On information and belief, Qilu's manufacture, use, sale, offer for sale, and/or importation into the United States of Qilu's Generic Products prior to the expiration of the '517 patent, including any applicable exclusivities or extensions, will directly infringe the '517 patent under 35 U.S.C. § 271(a). Qilu will infringe one or more of the claims of the '517 patent.

52. On information and belief, Qilu's Generic Products will infringe at least Claim 1 of the '517 patent which recites "[a] compound selected from the group consisting of" a group of compounds including enzalutamide. On information and belief, Qilu's Generic Products will infringe Claim 1 of the '517 patent because Qilu's Generic Products will contain enzalutamide.

10

53.     On information and belief, Qilu was aware of the existence of the '517 patent and its listing in the Orange Book as demonstrated by Qilu's reference to the '517 patent in the Qilu Notice Letter.

54.     On information and belief, Qilu copied the claimed invention of the '517 patent.

55.     On information and belief, Qilu knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Qilu's Generic Products prior to patent expiry will infringe one or more claims of the '517 patent.

56.     On information and belief, Qilu's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '517 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

57.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## COUNT II
### (Infringement of the '689 Patent)

58.     Plaintiffs incorporate each of the preceding paragraphs 1 to 57 as if fully set forth herein.

59.     By submitting ANDA No. 219140 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Qilu's Generic Products throughout the United States, including Pennsylvania, prior to expiration of the '689 patent, Qilu committed an act of infringement of the '689 patent under 35 U.S.C. § 271(e)(2)(A).

60.     The '689 patent claims, *inter alia*, pharmaceutical compositions of enzalutamide. Claim 1 recites "a pharmaceutical composition comprising a solid dispersion consisting essentially

of amorphous enzalutamide and hydroxypropyl methylcellulose acetate succinate" ("HPMCAS").

Certain dependent claims specify that the formulation is a tablet.

61.     The formulation of Xtandi® tablets, 40 and 80 mg, contains a pharmaceutical composition comprising a solid dispersion consisting essentially of amorphous enzalutamide and HPMCAS. The formulation of Xtandi® tablets, 40 and 80 mg, is covered by the '689 patent.

62.     The Qilu Notice Letter does not dispute infringement of any claim of the '689 patent.

63.     On information and belief, Qilu copied the claimed invention of the '689 patent.

64.     On information and belief, Qilu was not required to copy claimed invention of the '689 patent or the Xtandi® tablets formulation.

65.     On information and belief, Qilu's Generic Products, if approved by the FDA, will contain a pharmaceutical composition comprising a solid dispersion consisting essentially of amorphous enzalutamide and HPMCAS, which will constitute infringement of at least one claim of the '689 patent.

66.     On information and belief, Qilu's manufacture, use, sale, offer for sale, and/or importation into the United States of Qilu's Generic Products prior to the expiration of the '689 patent, including any applicable exclusivities or extensions, will directly infringe the '689 patent under 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents. Qilu will infringe one or more of the claims of the '689 patent.

67.     On information and belief, Qilu was aware of the existence of the '689 patent and its listing in the Orange Book as demonstrated by Qilu's reference to the '689 patent in the Qilu Notice Letter.

68.    On information and belief, Qilu knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Qilu's Generic Products prior to patent expiry will infringe one or more claims of the '689 patent.

69.    On information and belief, Qilu's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '689 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

70.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A judgment that Qilu has infringed one or more claims of United States Patent Nos. 7,709,517 and 11,839,689 by submitting ANDA No. 219140 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Qilu's Generic Products before the expiration of the patents under 35 U.S.C. § 271(e)(2)(A);

B.    A judgment that Qilu's commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Qilu's Generic Products will infringe one or more claims of United States Patent Nos. 7,709,517 and 11,839,689 under 35 U.S.C. § 271(a);

C.    A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Qilu, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from engaging in the commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Qilu's Generic Products prior to the expiration date of United States Patent Nos. 7,709,517 and 11,839,689, inclusive of any extensions;

13

D.      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 219140 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of United States Patent Nos. 7,709,517 and 11,839,689, inclusive of any extensions;

E.      A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorney fees;

F.      An award of costs and expenses in this action; and

G.      Such other and further relief as the Court may deem just and proper.


Dated: August 2, 2024                              McCARTER & ENGLISH, LLP

                                                   */s/ Daniel J. Brown*
                                                   Daniel J. Brown (PA ID # 324466)
*OF COUNSEL*:                                      1600 Market St. Suite 3900
                                                   Philadelphia, PA 19103
Dominick A. Conde (*phv forthcoming*)              (215) 979-3800
William E. Solander (*phv forthcoming*)            djbrown@mccarter.com
Erin J.D. Austin (*phv forthcoming*)
Whitney M. Howard (*phv forthcoming*)              *Attorneys for Plaintiffs*
VENABLE LLP
151 West 42nd Street
New York, NY 10036

Evan S. Krygowski (*phv forthcoming*)
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001

14